UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Zhejiang Yuhua Timber Co. Ltd., A-Timber Flooring Company Limited, and Mullican Flooring Co.<br><br>        Plaintiffs,<br><br>     v.<br><br>United States,<br><br>        Defendant. | Court No. 21-00502 |

# COMPLAINT

Plaintiffs are Zhejiang Yuhua Timber Co. Ltd., A-Timber Flooring Company Limited, and Mullican Flooring Co. (collectively "Plaintiffs"). Plaintiffs, by and through their attorneys, allege and state the following:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs bring this Complaint to contest the U.S. Department of Commerce's ("Commerce") decision to not initiate a scope inquiry. Commerce's final decision was issued on August 4, 2021. *See* Letter from Rebecca Trainor, Program Manager to Zhejiang Yuhua Timber Co. Ltd., *et al*, Re: *Antidumping Duty Order on Multilayered Wood Flooring from the People's Republic of China: Request for Scope Ruling* (Aug. 4, 2021) ("Scope Decision").

### I. JURISDICTIONAL STATEMENT

2. This action is brought to contest the decision of the U.S. Department of Commerce ("the Department" or "Commerce") under 28 U.S.C. §1581(c) not to initiate an antidumping duty

1

scope inquiry of Multilayered Wood Flooring from the People's Republic of China. *See* Scope Decision.

3. This action is brought pursuant to sections 516A(a)(2)(A)(ii) and 516A(a)(2)(B)(vi) of the Tariff Act of 1930, as amended (the "Act") codified as amended at (19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi)), and pursuant to 28 U.S.C. § 1581(c), which confer upon this Court exclusive jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## II. STANDING OF THE PLAINTIFFS

4. Plaintiffs are foreign producers, exporters, or importers of the subject merchandise and are interested parties as defined by 19 U.S.C. § 1677(9)(A). Plaintiffs participated in the proceeding before Commerce that is the subject of this action by submitting a Request for Scope Ruling pursuant to 19 C.F.R.§§351.225(a), (c), and (k)(1) on June 22, 2021. Therefore, Plaintiffs have standing under 28 U.S.C. §1581(c).

## III. TIMELINESS OF THIS ACTION

5. Plaintiffs commenced this action by filing a Summons on August 31, 2021, within 30 days of the issuance of the final scope decision. Summons (August 31, 2021), ECF No. 1. Plaintiff is filing this Complaint within 30 days of the filing of the Summons. The Summons and Complaint are, therefore, timely filed pursuant to 19 U.S.C. §1516a(a)(2)(A) and pursuant to Rules 3(a)(2) and (6)(a) of this Court.

## IV. STATEMENT OF FACTS

6. On October 18, 2011, Commerce published its final determination in the antidumping duty investigation on multi-layered wood flooring from China. *See Multilayered Wood Flooring From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 76

Fed. Reg. 64,318 (Oct. 18, 2011). In its final determination, Commerce found that no final margin exists with respect to Zhejiang Yuhua Timber Co. Ltd. ("Yuhua"). All sales to the United States made by Yuhua to Mullican Flooring Co. ("Mullican") during the period of the investigation that led to the order were made through A-Timber Flooring Company Limited ("A-Timber").

7. On October 24, 2011, Commerce issued instructions to Customs specifically stating that Customs is to terminate the suspension of liquidation for shipments of multilayered wood flooring entered, or withdrawn from warehouse for consumption, produced and exported by Zhejiang Yuhua Timber Co. Ltd. on or after May 26, 2011, to release any bond or security and to refund any cash deposits collected, effective October 18, 2011. *See* CBP Message No. 1297310.

8. On December 8, 2011, Commerce published its antidumping duty order on multilayered wood flooring from China. *See Multilayered Wood Flooring from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 76 Fed. Reg. 76,690 (Dec. 8, 2011).

9. From October 2011 to December 2020, Yuhua continued to produce and export multilayered wood flooring through A-Timber, and Mullican continued to import multilayered wood flooring of such products, without collection of antidumping duties consistent with the instructions issued by Commerce to Customs, and consistent with the final determinations and customs cash deposit instructions issued in the original investigation.

10. On or about March 24, 2021, Customs ceased implementing Commerce's instructions in the manner that it had consistently done for ten years and demanded the posting of cash deposits on multilayered wood flooring produced and exported by Plaintiff Yuhua through A-Timber, and

imported by Plaintiff Mullican.  Customs instead demanded the designation of the entries as Type 3 entries, indicating that such entries are subject to antidumping duties.

11.     Plaintiffs on June 22, 2021, filed a scope ruling request with Commerce, requesting that Commerce clarify that the merchandise produced by Plaintiff Yuhua, and exported by Plaintiff A-Timber were the same sales channel examined by Commerce in the original investigation which resulted in a zero margin and subsequent exclusion of Plaintiff Yuhua from the antidumping duty order, and thus such merchandise was outside the scope of the antidumping order in this case.  Plaintiffs included in the scope ruling request relevant documentation originally submitted on the record of the original investigation to support its request.

12.     On August 4, 2021, Commerce rejected the request for a scope ruling and failed to initiate a scope inquiry on the basis that the ruling request does not concern whether a "particular product is included within the scope."  *See* Letter to Husch Blackwell Re: Antidumping Duty Order on Multilayered Wood Flooring from the People's Republic of China: Request for Scope Ruling, dated August 6, 2021.   Commerce did so without any explanation of why it thought that this scope request failed to be a valid scope request.

13.     Plaintiffs hereby challenge Commerce's failure to initiate a scope inquiry on the grounds that Commerce's failure to rule on the request and clarify the exclusion of the described entries from the antidumping duty order on multilayered wood flooring from China is unsupported by substantial evidence and contrary to law.

## V. COUNTS

### COUNT 1

14. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 13 above.

15. Commerce's decision to not initiate a scope inquiry was not supported by substantial evidence and was otherwise not in accordance with law.

### PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiffs respectfully request that this Court:

(1) Remand with instructions to Commerce to address the substance of Plaintiffs' request for a scope ruling and make a determination based on record evidence as to why the entries at issue are or are not excluded from the antidumping duty order.

2) Grant Plaintiff such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Jeffrey S. Neeley_____
Jeffrey S. Neeley
Nithya Nagarajan
Stephen W. Brophy
Husch Blackwell, LLP
750 17th St., NW Suite 900
Washington, D.C. 20006
(202) 378 – 2357
Jeffrey.Neeley@huschblackwell.com

Dated: September 17, 2021

# CERTIFICATE OF SERVICE
*Zhejiang Yuhua Timber Co., Ltd. et al v. United States*
Court No. 21-502

I, Jeffrey S. Neeley, hereby certify that on September 17, 2021, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint by certified mail, return receipt requested:

Supervising Attorney
U.S. Department of Justice
Commercial Litigation Branch – Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
U.S. Department of Commerce
Office of General Counsel
1401 Constitution Ave NW
Washington, DC 20230

Attorney-in-Charge
U.S. Department of Justice
International Trade Field Office
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Kristin M. Mowry, Esq.
Mowry & Grimson, PLLC
5335 Wisconsin Ave, NW
Suite 810
Washington, DC 20015

Gregory S. Menegaz, Esq.
deKieffer & Horgan, PLLC
1090 Vermont Avenue, NW
Suite 410
Washington, DC 20005

Thomas Trendl, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Francis J. Sailer, Esq.
Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

Patrick J. McLain, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

Matthew L. Kanna, Esq.
Arent Fox LLP
1717 K Street, NW
Washington, DC 20036

Stephanie M Bell, Esq.
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006

Kristen Smith, Esq.
Sandler, Travis & Rosenberg, P.A.
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004-3002

Michael P. House
Perkins Coie, LLP
607 Fourteenth Street, NW
Washington, DC 20005

Craig A. Lewis
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Kenneth H. Mueller, Esq.
Law Office of Kenneth H. Mueller
3E Joanna Cour
East Brunswick, NJ 08816

H. Deen Kaplan, Esq.
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004

John C. Fusco, Esq.
Edwards Wildman Palmer LLP
201 Broad Street
Stamford, CT 06901

Jonathan Zielinski, Esq.
Cassidy Levy Kent (USA) LLP 2000
Pennsylvania Avenue, NW Suite 3000
Washington, DC 20006

Chunlian Yang, Esq.
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404

Mark R. Ludwikowski, Esq.
Clark Hill PLC
1001 Pennsylvania Ave, NW
Suite 1300 South
Washington, DC 20004

Lizbeth R. Levinson, Esq.
Fox Rothschild LLP
1030 15th Street, NW
Suite 380 East
Washington, DC 20005

Matthew R. Nicely, Esq.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006-1037

Matthew T. McGrath, Esq.
Barnes Richardson & Colburn
1850 M Street, NW

Suite 1060
Washington, DC 20036

David Craven, Esq.
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613

Adams Lee, Esq.
Harris Bricken Sliwoski, LLP
600 Stewart Street
Suite 1200
Seattle, WA 98101

**The following parties have been notified by mailing a copy of the foregoing Complaint via first class mail:**

Shengxing Yu
Hiways Law Offices
69 Dongfang Road, Tower A, 15th Floor,
Eton Place, Pudong, Shanghai, 200120

Ren Yongzhong
DeHeng Law Offices
12 F, Tower B, Focus Place
No 19 Finance Stree
Beijing, PRC 100033

Cynthia Yu
DueBound Law Offices
Suite 1906, SK Tower 6A
Jianguomenwai Avenue
Chaoyang District
Beijing, PRC, 100022

Yao Chi-Wei
Timber Industries (Tianjin) Co., Ltd.
No. 10 Haiqing St.
Export Processing Zone
Teda, Tianjin, PRC

Zhang Ye
Kang Da Law Firm
Red Building of Worker's Gymnasium
Chaoyang District, Beijing, 100027

Zhang Renpu
Huamao & Guigu Law Firm
17/F Building, C Grand Place
5 Huizhong Road
Beijing 100101, PRC

<u>/s/Jeffrey S. Neeley</u>
Jeffrey S. Neeley