## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE LEO M. GORDON, SENIOR JUDGE

_____
                                                          )
ZHEJIANG YUHUA TIMBER CO. LTD.,          )
                                                          )
     and                                              )
                                                          )
A-TIMBER FLOORING COMPANY LIMITED,    )
                                                          )
     and                                              )
                                                          )      Court No. 21-00502
MULLICAN FLOORING CO.,                       )
                                                          )
             Plaintiffs,           )
     v.                                                 )
                                                          )
UNITED STATES,                                   )
                                                          )
             Defendant.          )
_____)

## <u>ORDER</u>

    Upon consideration of defendant's motion to dismiss the amended complaint, and all other pertinent papers filed and proceedings held in this action, it is hereby

    ORDERED that defendant's motion is granted; and it is further

    ORDERED that the amended complaint filed in this action is dismissed with prejudice.


Dated: _____                    _____
     New York, New York                                       JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., ) | |
| ) | |
| and ) | |
| ) | |
| A-TIMBER FLOORING COMPANY LIMITED, ) | |
| ) | |
| and ) | |
| ) Court No. 21-00502 | |
| MULLICAN FLOORING CO., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

TARA K. HOGAN
Assistant Director

SONIA ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-0534

OF COUNSEL:

RACHEL BOGDAN
Attorney
Office of the Chief Counsel
   for Trade Enforcement and Compliance
United States Department of Commerce

February 18, 2022                           Attorneys for Defendant

## TABLE OF CONTENTS

BACKGROUND ...................................................................................................................2

ARGUMENT ......................................................................................................................4

    I.     Standards Of Review .............................................................................................4

          A. USCIT Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter
             Jurisdiction ......................................................................................................4

          B. USCIT Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim
             Upon Which Relief Can Be Granted ................................................................5

    II.    The Court Does Not Possess Jurisdiction To Entertain Yuhua's Amended
        Complaint ...............................................................................................................6

          A. The Court Lacks Jurisdiction Pursuant To Section 1581(c) Because
             Commerce's Determination Not To Initiate A Scope Ruling Is Not A
             Reviewable Determination Under Section 1516a(a)(2)(B)(vi)...........................6

          B. The Court Lacks Jurisdiction Pursuant To Section 1581(i) Because 1581(c)
             Jurisdiction Will Be Available At The Conclusion of Commerce's Changed
             Circumstances Review ...................................................................................9

          C. The Relief Available to Yuhua Pursuant To Section 1581(c) Is Not Manifestly
             Inadequate ....................................................................................................12

    III.   Yuhua's Amended Complaint Should Be Dismissed For Failure To State A
         Claim.....................................................................................................................14

CONCLUSION ..................................................................................................................16

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*A&D Auto Sales, Inc. v. United States,*
    748 F.3d 1142 (Fed. Cir. 2014) ........................................................................ 6

*Arbaugh v. Y & H Corp.,*
    546 U.S. 500 (2006) ........................................................................................ 4

*Arunachalam v. Int'l Bus. Machines Corp.,*
    759 F. App'x 927 (Fed. Cir. 2019) .................................................................. 5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................*passim*

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................*passim*

*Celik Halat ve Tel Sanayi A.S. v. United States,*
    483 F. Supp. 3d 1370 (Ct. Int'l Trade 2020) ................................................14

*Confederación Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States,*
    459 F. Supp. 3d 1354 (Ct. Int'l Trade 2020) ................................................. 6

*Duferco Steel, Inc. v. United States,*
    403 F. Supp. 2d 1281 (Ct. Int'l Trade 2005) ...........................................11, 12

*Erwin Hymer Grp. N. Am. v. United States,*
    930 F.3d 1370 (Fed. Cir. 2019) ...................................................................5, 9

*Franklin v. Curry,*
    738 F.3d 1246 (11th Cir. 2013) ....................................................................15

*Fujitsu Gen. Am., Inc. v. United States,*
    283 F.3d 1364 (Fed. Cir. 2002) ..................................................................... 9

*Haarman & Reimer Corp. v. United States,*
    509 F. Supp. 1276 (Ct. Int'l Trade 1981) ...................................................... 8

*Hartford Fire Ins. Co. v. United States,*
    544 F.3d 1289 (Fed. Cir. 2008) ....................................................................13

*Hutchison Quality Furniture, Inc. v. United States,*
    827 F.3d 1355 (Fed. Cir. 2016) ....................................................................12

*Int'l Custom Prods. Inc. v. United States,*
    467 F.3d 1324 (Fed. Cir. 2006) ...................................................................13, 14

*Miller & Co. v. United States,*
    824 F.2d 961 (Fed.Cir.1987) .......................................................................... 9

*Norcal/Crosetti Foods, Inc. v. United States,*
    963 F.2d 356 (Fed.Cir.1992) .......................................................................... 9

*Norsk Hydro Can., Inc. v. United States,*
    472 F.3d 1347 (Fed. Cir. 2006) ....................................................................4, 5

*Power Analytics Corp. v. Operation Tech., Inc.,*
    820 F. App'x 1005 (Fed. Cir. 2020) ...............................................................15

*Sahaviriya Steel Indus. Pub. Co. Ltd. v. United States,*
    601 F. Supp. 2d 1355 (Ct. Int'l Trade 2009)...................................................13

*Shah Broths., Inc. v. United States,*
    770 F. Supp. 2d 1367 (Ct. Int'l Trade 2011) .................................................... 4

*Steel Co. v. Citizens For A Better Env't,*
    523 U.S. 83 (1998)........................................................................................... 4

*Sunpreme, Inc. v. United States,*
    892 F.3d 1186 (Fed. Cir. 2018) .............................................................. 4, 5, 12

*Techsnabexport, Ltd. v. United States,*
    795 F. Supp. 428 (Ct. Int'l Trade 1992) ........................................................12

*Tokyo Kikai Seisakusho, Ltd. v. United States,*
    403 F. Supp. 2d 1287 (Ct. Int'l Trade 2005)...................................................12

*Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States,*
    593 F.3d 1346 (Fed. Cir. 2010) ................................................................11, 12

*Wanxiang Am. Corp. v. United States,*
    399 F. Supp. 3d 1323 (Ct. Int'l Trade 2019), *aff'd*, 12 F.4th 1369 (Fed. Cir. 2021) ...............11

**Statutes**

19 U.S.C. § 1516a .........................................................................................8, 9

19 U.S.C. § 1516a(a) .................................................................................*passim*

19 U.S.C. §1675(b)........................................................................................3, 9, 11

28 U.S.C. § 1581 ..........................................................................................4, 9, 11

28 U.S.C. § 1581(a)-(h) ........................................................................................10

28 U.S.C. § 1581(c) .........................................................................................passim

28 U.S.C. § 1581(i) ..........................................................................................passim

**Rules**

U.S. Ct. Int'l Trade R. 8 .........................................................................................6

U.S. Ct. Int'l Trade R. 12(b) ............................................................................passim

U.S. Ct. Int'l Trade R. 12(h) ...................................................................................4

**Regulations**

19 C.F.R. § 251.221(c) .......................................................................................3, 9

19 C.F.R. § 351.216 ..........................................................................................3, 9

19 C.F.R. § 351.216(e) .........................................................................................14

19 C.F.R. § 351.221(b) .........................................................................................14

19 C.F.R. § 351.225 ...........................................................................................3, 7

19 C.F.R. § 351.225(a) ..........................................................................2, 6, 15, 16

19 C.F.R. § 351.225(c) ...........................................................................................7

19 C.F.R. § 351.225(e) .........................................................................................14

**Federal Register**

*Antidumping Duties; Countervailing Duties*,
    62 Fed. Reg. 27,296 (Dep't Commerce May 19, 1997)..........................................6

*Multilayered Wood Flooring From the People's Republic of China: Amended Antidumping and Countervailing Duty Orders*,
77 Fed. Reg. 5,484 (Dep't of Commerce February 3, 2012) ..................................................... 2

*Multilayered Wood Flooring From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*,
76 Fed. Reg. 76,690 (Dep't of Commerce December 8, 2011) ................................................. 2

*Multilayered Wood Flooring From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*,
76 Fed. Reg. 64,318 (Dep't of Commerce October 18, 2011) ................................................. 2

*Multilayered Wood Flooring From the People's Republic of China: Notice of Initiation of Changed Circumstances Review*,
86 Fed. Reg. 68,475 (Dep't of Commerce December 2, 2011) (*CCR Initiation*).............*passim*

*Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws*,
86 Fed. Reg. 52,300 (Dep't Commerce September 20, 2021)................................................. 6

## Other Authorities

H.R. Rep. No. 96-1235, (1980), *as reprinted in* 1980 U.S.C.C.A.N. 3729-60 ...........................10

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE LEO M. GORDON, SENIOR JUDGE

_____
|  |
| ZHEJIANG YUHUA TIMBER CO. LTD., |
| and |
| A-TIMBER FLOORING COMPANY LIMITED, |
| and |
| MULLICAN FLOORING CO.,       Court No. 21-00502 |
| Plaintiffs, |
| v. |
| UNITED STATES, |
| Defendant. |
_____

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the U.S. Court of International Trade, defendant, the United States, respectfully submits this motion to dismiss the action commenced by plaintiffs Zhejiang Yuhua Timber Co. Ltd., A-Timber Flooring Company Limited, and Mullican Flooring Co. (collectively, Yuhua). The amended complaint invokes jurisdiction under 28 U.S.C. § 1581(c) and, alternatively § 1581(i), to challenge Commerce's decision not to initiate a scope inquiry. *See* Amended Complaint, ECF 27, 4-6. Because Commerce's determination not to initiate a scope inquiry is not a reviewable determination under 19 U.S.C. § 1516a, this Court does not have jurisdiction under 28 U.S.C. § 1581(c). In addition, § 1581(i) jurisdiction is not available because jurisdiction under 28 U.S.C. § 1581(c) will be available upon the conclusion of Commerce's ongoing changed circumstances review where

plaintiffs seek the same relief sought in their scope ruling request, and such remedy would not be manifestly inadequate. Even if the Court were to determine that it possesses jurisdiction under 28 U.S.C. § 1581(i), Yuhua has failed to state a claim upon which relief can be granted because Yuhua's scope ruling application did not satisfy the threshold requirements of 19 C.F.R. § 351.225(a).

## BACKGROUND

Commerce has published an antidumping duty order covering multilayered wood flooring from the People's Republic of China. *Multilayered Wood Flooring From the People's Republic of China: Amended Antidumping and Countervailing Duty Orders*, 77 Fed. Reg. 5,484 (February 3, 2012).

In the final affirmative determination, Commerce calculated a zero percent margin for Zhejiang Yuhua Timber Co. Ltd.; thus, this company was excluded from the order. *Multilayered Wood Flooring From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 76 Fed. Reg. 64,318, 64,322 (October 18, 2011), as amended in *Multilayered Wood Flooring From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 76 Fed. Reg. 76,690, 76,692 (December 8, 2011). Commerce instructed U.S. Customs and Border Protection (CBP) to terminate the suspension of liquidation for shipments of multilayered wood flooring from China entered, or withdrawn from warehouse for consumption, and produced and exported by Zhejiang Yuhua Timber Co. Ltd., on or after May 26, 2011. *See* CBP Message No. 1297310, Exhibit 1 of Yuhua's Scope Request, C.R. 1.

On June 22, 2021, Yuhua submitted a request that Commerce issue a scope ruling to "confirm{} that multi-layered wood flooring produced by Zhejiang Yuhua Timber Co. Ltd. and

sold to an unaffiliated United States customer (such as Mullican) by A-Timber Flooring are excluded" from the order. *See* Yuhua Scope Request, C.R.1 at 1. Yuhua explained that "questions have recently arisen from {CBP} regarding sales made through {A-Timber Flooring} to a long-time U.S. customer, Mullican Flooring Co." whereby Customs is not certain whether such sales qualify for Zhejiang Yuhua Co. Ltd's exclusion from the Order. *Id.* at 3.

On August 4, 2021, Commerce declined to initiate a scope inquiry based on Yuhua's request. *See* Commerce's Letter Declining to Issue a Scope Ruling. P.R. 4. Citing 19 C.F.R. § 351.225, Commerce explained that Yuhua's request did not relate to whether a "particular product is included within the scope of an order," but rather involved an issue of a sales distribution channel. *Id.* Therefore, Commerce determined there was no basis on which to initiate a scope inquiry. *Id.* Commerce, thus, did not address the merits of Yuhua's claim that merchandise produced by Zhejiang Yuhua Timber Co., Ltd. and sold through A-Timber to customers like Mullican Flooring are excluded from the order.

Subsequently, on September 1, 2021, Yuhua requested that Commerce initiate a changed circumstances review, pursuant to 19 U.S.C. § 1675(b)(1), 19 C.F.R. § 351.216, and 19 C.F.R. § 251.221(c)(3). *See Multilayered Wood Flooring From the People's Republic of China: Notice of Initiation of Changed Circumstances Review*, 86 Fed. Reg. 68,475, 68,475 (Dep't of Commerce Dec. 2, 2021) (*CCR Initiation*). On December 2, 2021, Commerce initiated a changed circumstances review, based on Yuhua's request that Commerce "clarify that {multilayered wood flooring} produced by Yuhua and sold through A-Timber be considered as merchandise which is 'produced and exported' by Yuhua and thus, excluded from the Order." *Id.* Similar to the basis for its scope ruling request, Yuhua sought this clarification because CBP began requiring cash deposits and identification of merchandise produced by Yuhua and sold through

A-Timber as "Type 3" entries subject to antidumping duties. *Id.; see also* Yuhua Scope Ruling Request.

## ARGUMENT

I.   **Standards Of Review**

### A. USCIT Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94-95 (1998). The Court, like all Federal courts, is one of limited jurisdiction. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). Whether jurisdiction exists is a question of law for the Court. *Shah Broths., Inc. v. United States*, 770 F. Supp. 2d 1367, 1370 (Ct. Int'l Trade 2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." U.S.C.I.T. R. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."). In assessing the relevant jurisdictional basis, the Court must "look to the true nature of the action." *Sunpreme, Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018) (citation omitted).

The Court is empowered to hear civil cases brought against the United States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C. § 1581. Relevant to this case are sections (c) and (i). Section 1581(c) grants the Court jurisdiction to review antidumping and countervailing duty determinations delineated in 19 U.S.C. § 1516a, including final results of changed circumstances. *See* 19 U.S.C. § 1516a(a)(2)(B)(iv) and 19 U.S.C § 1516a(a)(2)(B)(iii). Section 1581(i) grants the Court residual jurisdiction and "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided

4

under that other subsection would be manifestly inadequate." *Erwin Hymer Grp. N. Am. v. United States*, 930 F.3d 1370, 1374-75 (Fed. Cir. 2019) (internal quotations and citation omitted).

The party invoking the Court's jurisdiction bears the burden of establishing subject matter jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). "{A} party may not expand a court's jurisdiction by creative pleading." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018) (quoting *Norsk Hydro*, 472 F.3d at 1355). The scope of the Court's jurisdiction under 28 U.S.C. § 1581(i) is "strictly limited" to prevent plaintiffs from using the Court's residual jurisdiction as a vehicle to circumvent the other specific grants of jurisdiction contained within their own statutorily prescribed paths that litigants must follow when seeking judicial review. *Erwin Hymer*, 930 F.3d at 1374.

## B. USCIT Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted

A motion to dismiss an action pursuant to Rule 12(b)(6) is "granted if the court, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, concludes that those allegations 'could not raise a claim of entitlement to relief.'" *Arunachalam v. Int'l Bus. Machines Corp.*, 759 Fed. App'x 927, 931 (Fed. Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when it "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

5

elements of a cause of action will not do." *Id.* at 545; *see also Iqbal*, 556 U.S. at 662 ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court considers the allegations in the complaint as well as documents "'incorporated by reference or integral to the claim, items subject to judicial notice, {and} matters of public record.'" *Confederación Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States*, 459 F. Supp. 3d 1354, 1361 (Ct. Int'l Trade 2020) (quoting *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.   .

## II.   The Court Does Not Possess Jurisdiction To Entertain Yuhua's Amended Complaint

### A.   The Court Lacks Jurisdiction Pursuant To Section 1581(c) Because Commerce's Determination Not To Initiate A Scope Ruling Is Not A Reviewable Determination Under Section 1516a(a)(2)(B)(vi)

Commerce's regulations provide that when "issues arise as to whether a particular product is included within the scope of an {order}," Commerce "issues 'scope rulings' that clarify the scope of an order or suspended investigation with respect to particular products." 19 C.F.R. § 351.225(a) (1997). [1] As such, an application must contain, for example, a detailed description of the product, including its technical characteristics and uses, and its current U.S.

---

[1] On September 20, 2021, Commerce published a final rule establishing new regulations for, among other things, scope proceedings. *See Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws,* 86 Fed. Reg. 52,300 (Dep't Commerce Sept. 20, 2021). The scope provisions of the regulation went into effect on November 4, 2021. *Id.* Because Yuhua's scope ruling request was submitted on July 22, 2021, the prior version of Commerce's regulations govern. *See Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296 (Dep't Commerce May 19, 1997).

Tariff Classification number.  *See* 19 C.F.R. § 351.225(c)(1)(i).  Commerce declined to initiate a scope inquiry because Yuhua's request was not to clarify "whether a particular product is covered by the scope of an antidumping or countervailing duty order," 19 C.F.R. § 351.225, but rather sought confirmation with respect to its sales distribution channel and exclusion from the order.  *See* Commerce Scope Ruling Request Denial.  Accordingly, Commerce issued a letter to Yuhua explaining that because their request did not involve whether a "particular product is included within the scope" of an order, it found no basis on which to initiate a scope inquiry under 19 C.F.R. § 351.225.  *Id.*

The true nature of Yuhua's scope ruling request is whether A-Timber should benefit from Zhejiang Yuhua Timber Co. Ltd.'s exclusion from the order.  *See* Scope Ruling Request at 8 (requesting that Commerce find that "Yuhua's production and exports of multi-layered wood flooring invoiced to U.S. customers by A-Timber Flooring are outside the scope of the Order" and "issue a scope ruling confirming that A-Timber Flooring is eligible for the zero percent cash-deposit rate as determined by the Department in the original investigation").  Although citing Commerce's scope regulations, the request did not focus on the description of the scope of multilayered wood flooring; indeed, the narrative of Yuhua's request did not even discuss language from the scope of the Order.  Rather, Yuhua's request involved the nature of the sales channel between Zhejiang Yuhua Timber Co. Ltd and A-Timber to support its assertion that such entries should be excluded from the order.  *See* Scope Request at 2-7. Specifically, the scope request focused on describing Zhejiang Yuhua Timber Co. Ltd.'s sales process of multilayered wood flooring from China through A-Timber.  *Id.* at 2-7.  For example, Yuhua provided details regarding the "structure of sales in the {period of investigation}" to support their request.  *Id.* at 4-5.  In addition, Yuhua cited the instructions issued at the conclusion of the investigation,

whereby Commerce informed CBP that it determined no margin exists with respect to Zhejiang Yuhua Timber Co., Ltd. and directed CBPs to terminate the suspension of liquidation for shipments of multilayered wood flooring entered, or withdrawn from warehouse, for consumption, produced and exported by Zhejiang Yuhua Timber Co., Ltd. on or after May 26, 2011, and refund cash deposits. *Id.* at 7.

In its amended complaint, Yuhua invokes 19 U.S.C. § 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi). Am. Compl. ¶¶ 3; 5. Section 1516a(a)(2)(B) lists the types of determinations for which judicial review by this Court is available under 28 U.S.C. § 1581(c). Subsection 1516a(a)(2)(B)(vi) provides for review of "determinations by the administering authority as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order." In other words, final scope rulings by Commerce are reviewable under § 1581(c) jurisdiction.

However, Commerce's determination here was not a final scope ruling, but a denial to initiate a scope inquiry. A decision not to initiate a scope ruling is not enumerated as a reviewable determination under 19 U.S.C. § 1516a. As this Court has cautioned,

> the pattern of review as sculptured in 19 U.S.C. section 1516a indicates the intent of the Congress to specifically define therein those determinations made by the administering authority which are to be subject to judicial review. Thus, it cannot be assumed that the absence of a provision providing for the specific judicial review . . . is an unintentional omission. Rather it must be considered as a part of the overall pattern and design of congressional intent.

*Haarman & Reimer Corp. v. United States*, 509 F. Supp. 1276, 1280 (Ct. Int'l Trade 1981). Accordingly, this Court cannot exercise jurisdiction under 28 U.S.C. § 1581(c) to entertain a challenge to Commerce's decision not to initiate a scope inquiry.

### B. The Court Lacks Jurisdiction Pursuant To Section 1581(i) Because 1581(c) Jurisdiction Will Be Available At The Conclusion of Commerce's Changed Circumstances Review

Alternatively, plaintiffs allege jurisdiction to entertain the complaint pursuant to 28 U.S.C. § 1581(i)(1)(B) and (D), the Court's residual jurisdiction statute. Am. Compl. ¶ ¶ 2;3. Section 1581(i) is a "'residual' grant,'" *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002) (citation omitted), or a "'catch all' provision, allowing the trial Court to take jurisdiction over designated causes of action founded on other provisions of law." *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992) (citation omitted). "Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987)). When a party asserts jurisdiction under 28 U.S.C. § 1581(i), it "bears the burden of showing that another subsection is either unavailable or manifestly inadequate. *Erwin Hymer Group N. Am., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019) (citation omitted). As detailed below, Yuhua can otherwise obtain relief by challenging an administrative determination identified in 19 U.S.C. § 1516a under 28 U.S.C. § 1581(c), and doing so would not be manifestly inadequate. Section 1581(i) jurisdiction is therefore not available.

Here, Yuhua may obtain relief through a changed circumstances review. *See* 19 U.S.C. § 1675(b), and 19 C.F.R. § 351.216 and 19 C.F.R. § 251.221(c)(3). The final results of a changed circumstances review is one of the determinations delineated in 19 U.S.C. § 1516a, *see* 19 U.S.C. § 1516a(a)(2)(B)(iv) and 19 U.S.C § 1516a(a)(2)(B)(iii), and therefore judicial review of the final results may be obtained pursuant to 28 U.S.C. § 1581(c). And in fact, Yuhua is pursuing this very remedy.

After Commerce declined to initiate a scope ruling inquiry because of Yuhua's failure to satisfy the regulatory threshold requirements, Yuhua requested a changed circumstances review for Commerce to consider the same issue Yuhua raised in its deficient scope ruling request. *See CCR Initiation*. Commerce initiated a changed circumstances review and currently is conducting that review. *Id*. Consequently, because it may seek judicial review of Commerce's changed circumstances final results once issued under 28 U.S.C. § 1581(c), 28 U.S.C § 1581(i) jurisdiction is not available.

This Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i) is narrow. Section 1581(i) provides the Court with jurisdiction over actions arising out of "any law of the United States providing for – . . . (1)(D) administration and enforcement with respect to matters referred to in paragraphs (A)-(C) of this subsection and subsections (a)- (h) of this section." The statute qualifies the scope of section 1581(i) jurisdiction by providing that "(2) {t}his subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable by . . . (A) the Court of International Trade under section 516A(a) of the Tariff Act of 1930 . . . ." 28 U.S.C. § 1581(i)(2)(A). The express limitation upon the exercise of section 1581(i) is further supported by its legislative history:

> The Committee intends that any determination specified in section 516A of the Tariff Act of 1930, *or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superseded by any such determination, is reviewable exclusively as provided in section 516A.*

H.R. Rep. No. 96-1235 at 33, 47, 48, as reprinted in 1980 U.S.C.C.A.N. 3729, 3759-60 (emphasis added).

Thus, Congress barred using section 1581(i) to circumvent the jurisdictional scheme for

review of antidumping or countervailing duty determinations. Indeed, "{s}ection 1581(i) is a litigant's port of last resort" and thus, "{i}f a plaintiff can access the Court of International Trade through . . . any other means short of invoking section 1581(i) – it must avail itself of {that} avenue of approach." *Duferco Steel, Inc. v. United States*, 403 F. Supp. 2d 1281, 1253 (Ct. Int'l Trade 2005) (citations and internal quotations omitted); *see also Trs. in Bankr. of N. Am. Rubber Thread Co. v. United States*, 593 F.3d 1346, 1353 (Fed. Cir. 2010) (exercising jurisdiction pursuant to section 1581(i) only when remedies were unavailable under another subsection); *Wanxiang Am. Corp. v. United States*, 399 F. Supp. 3d 1323 (Ct. Int'l Trade 2019) (granting Government's motion to dismiss § 1581(i) case for lack of jurisdiction when § 1581(c) jurisdiction could have been invoked and the challenged action did not constitute final agency action), aff'd, 12 F.4th 1369 (Fed. Cir. 2021).

Yuhua sought a changed circumstances review for Commerce to "clarify that {multilayered wood flooring} produced by Yuhua and sold through A-Timber be considered as merchandise which is 'produced and exported' by Yuhua and thus, excluded from the Order." *See CCR Initiation*. Thus, because Commerce initiated a changed circumstances review pursuant to its authority under section 751 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675(b), jurisdiction under another subsection of section 1581 will be available upon the issuance of Commerce's final results of the changed circumstances review. *See id.* Specifically, upon issuance of the final results of the changed circumstances review, if dissatisfied with the outcome, Yuhua may seek relief for claims related to the final results pursuant to 28 U.S.C. § 1581(c), which provides that, "{t}he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A . . . of the Tariff Act of 1930."

28 U.S.C. § 1581(c); *cf. Sunpreme*, 892 F.3d at 1193 ("Once an adverse scope ruling is obtained, a complaint may be filed with the CIT pursuant to that court's jurisdiction under § 1581(c).").

Changed circumstances determinations are one of the determinations made expressly reviewable by the Court under 19 U.S.C. § 1516a(a)(2)(B)(iii). Accordingly, when Commerce's changed circumstances review is final, Yuhua may pursue claims related to that determination by invoking 28 U.S.C. § 1581(c) jurisdiction within thirty days of publication of the final results in the Federal Register. *See* 19 U.S.C. §§ 1516a(a)(2)(A)(i); 1516a(a)(2)(B)(iii). Because relief is available to Yuhua under 28 U.S.C. § 1581(c) jurisdiction, Yuhua "must avail {themselves} of that avenue of approach" and the Court may not exercise jurisdiction pursuant to 28 U.S.C. § 1581(i). *See Duferco Steel, Inc.*, 403 F. Supp. 2d at 1253; *see also Trs. in Bankr. of N. Am. Rubber Thread Co.*, 593 F.3d at 1353.

### C. The Relief Available To Yuhua Pursuant To Section 1581(c) Is Not Manifestly Inadequate

When judicial review under another section is or would be available, this Court may exercise section 1581(i) jurisdiction only when such jurisdiction or the remedy available under it would be "manifestly inadequate." *See, e.g., Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1360 (Fed. Cir. 2016); *Techsnabexport, Ltd. v. United States*, 795 F. Supp. 428, 432-33 (Ct. Int'l Trade 1992) (citations omitted) (emphasis added); *Tokyo Kikai Seisakusho, Ltd. v. United States*, 403 F. Supp. 2d 1287, 1294 (Ct. Int'l Trade 2005) (holding that there was no section 1581(i) jurisdiction to entertain interlocutory challenge of the authority to initiate changed circumstances review). "While neither Congress nor the courts have provided a precise definition of the term 'manifestly inadequate,' given the clear Congressional preference expressed in {28 U.S.C. § 1581(i)} for review in accordance with {19 U.S.C. § 1516a}, the Court must be careful not to interfere in ongoing proceedings absent a clear indication of the

inadequacy of a {19 U.S.C. § 1581(c)} review." *Sahaviriya Steel Indus. Pub. Co. Ltd. v. United States*, 601 F. Supp. 2d 1355, 1365 (Ct. Int'l Trade 2009) (citations omitted). To be manifestly inadequate, pursuit of an alternative administrative remedy must be an "exercise in futility," "useless" or "ineffectual." *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008) (emphasis omitted) (citing *Int'l Custom Prods. Inc. v. United States*, 467 F.3d 1324, 1328 (Fed. Cir. 2006).

Yuhua's present pursuit of an administrative remedy through a changed circumstances review is not an "exercise in futility," "useless" or otherwise manifestly inadequate. *See Hartford Fire Ins. Co.*, 544 F.3d at 1294. Yuhua's request for a changed circumstances review is identical to the relief sought in their deficient scope ruling request. In each, Yuhua asks that Commerce determine that Yuhua products sold by A-Timber Flooring are excluded from the antidumping duty order and instruct Customs accordingly. *Compare* Yuhua Scope Request, C.R. 1 (requesting that Commerce "confirm{} that that multi-layered wood flooring produced by Zheijiang Yuhua Timber Co. Ltd. and sold to an unaffiliated United States customer (such as Mullican) by A-Timber Flooring are excluded from the antidumping duty order on multi-layered wood flooring from the People's Republic of China.") *with CCR Initiation*, 86 Fed. Reg. at 68,475 ("Yuhua et al. request that Commerce clarify that MLWF produced by Yuhua and sold through A-Timber be considered as merchandise which is 'produced and exported' by Yuhua, and thus, excluded from the Order."). Further, in deciding to initiate the changed circumstances review Commerce determined "that the questions raised by Yuhua et al. concerning the appropriateness of excluding A-Timber's sales of subject merchandise from the Order constitute

a sufficient basis to conduct a CCR of the Order," indicating that it will address these concerns through the review. *CCR Initiation*, 86 Fed. Reg. at 68,476.

Moreover, the delay associated with exercising mandatory jurisdictional requirements does not render the relief available manifestly inadequate. *See Int'l Custom Prods.*, 467 F.3d at 1327. The regulations provide that "{t}he Secretary will issue final results of review (*see* 19 C.F.R. § 351.221(b)(5)) within 270 days after the date on which the changed circumstances review is initiated." 19 C.F.R. § 351.216(e). Thus, this path to relief is not out of line with other administrative remedies. *See e.g.,* 19 C.F.R. § 351.225(e) (scope rulings issued within 120 days with a potential 180 day extension where the Secretary determines good cause exists).

Accordingly, Yuhua may obtain relief consistent with the true nature of their action pursuant to a 28 U.S.C. § 1581(c) determination. *See Celik Halat ve Tel Sanayi A.S. v. United States*, 483 F. Supp. 3d 1370, 1377 (Ct. Int'l Trade 2020). ("recourse under 19 U.S.C. § 1581(c) is not manifestly inadequate when judicial review pursuant to subsection (c) provides the remedy Plaintiff seeks . . . ."). Therefore, the remedy available under section 1581(c) upon completion of Commerce's changed circumstances review is not manifestly inadequate, and section 1581(i) jurisdiction is not available.

### III.  Yuhua's Amended Complaint Should Be Dismissed For Failure To State A Claim

Should the Court find it possesses jurisdiction, the Court should dismiss the amended complaint for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim upon which relief can be granted is appropriate only when a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The amended complaint contains conclusory statements that fail to plead a plausible claim against Commerce that would lead to the remedy of excluding from the Order entries of multilayered wood flooring from China produced by Zhejiang Yuhua Timber Co., Ltd. and exported by A-Timber. *See Power Analytics Corp. v. Operation Tech., Inc.,* 820 F. App'x 1005, 1019 (Fed. Cir. 2020) (affirming dismissal of complaint where complaint's allegations consisted of conclusions, not facts).Specifically, Yuhua alleges that Commerce failed to initiate a scope ruling "without any explanation of why it thought that this scope request failed to be a valid scope request." Yuhua Amended Compl. ¶ 12. Yuhua asserts that Commerce's failure to initiate a scope inquiry is therefore unsupported by substantial evidence and contrary to law. *Id.* ¶ 13.

Yuhua's amended complaint fails to "state a claim to relief that is plausible on its face" because it simply alleges that Commerce's determination not to initiate a scope inquiry is in error, without any plausible basis. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In fact, Commerce's action was in accordance with the regulation governing scope rulings. 19 C.F.R. § 351.225(a). In its letter declining to initiate a scope inquiry, Commerce summarized Yuhua's request that "Commerce 'confirm' that multilayered wood flooring (MLWF) produced in the People's Republic of China and exported by Yuhua, and sold to unaffiliated United States customers by A-Timber, is excluded from the antidumping duty order." *See* Commerce's Letter Declining to Issue a Scope Ruling, P.R. 4, at 1. Commerce then explained that "the basis for {this} scope request concerns Yuhua's sales distribution channel." *Id.* Commerce also correctly explained that its regulations direct Commerce to issue scope

rulings when issues arise as to whether a particular product is included within the scope of an order. *Id.*; *see also* 19 C.F.R. § 351.225(a). Such issues can arise because the descriptions of subject merchandise in antidumping and countervailing duty orders must be written in general terms. *Id.* (citing 351.225(a)).

Therefore, Commerce determined that, because the basis of Yuhua's request does not concern whether a particular product is included within the scope of the order, but rather a sales distribution channel, there was no lawful basis upon which to initiate a scope inquiry. Accordingly, Yuhua has not identified any wrongful agency action enabling "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and there is no apparent basis for Yuhua's claims. *See Franklin*, 738 F.3d at 1251 (quoting *Iqbal*, 556 U.S. at 678).

Because Yuhua failed to plead plausible claims against Commerce that factually allege that the agency's decision was not supported by substantial evidence or otherwise not in accordance with law, or entitlement to relief of an exclusion from the order, this case should be dismissed on the additional ground of failure to state a claim upon which relief can be granted.

## CONCLUSION

For these reasons above, we respectfully request that this Court dismiss Yuhua's amended complaint for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

<table>
<tr><td></td><td>s/ Sonia Orfield</td></tr>
</table>

OF COUNSEL:

RACHEL BOGDAN
Attorney
Office of the Chief Counsel
    for Trade Enforcement and Compliance
United States Department of Commerce

February 18, 2022

s/ Sonia Orfield
SONIA ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-0534

Attorneys for Defendant

CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that the brief,

Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Or, In The Alternative,

For Failure To State A Claim, complies with the word-count limitation.   In making this

certification, I have relied upon the word count function of the Microsoft Word processing

system used to prepare the brief.  According to the word count, the brief contains 4952 words.


/s/ Sonia Orfield
February 18, 2022