## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

|  |  |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., <br> A-TIMBER FLOORING COMPANY LIMITED, <br> MULLICAN FLOORING CO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, | Consol. Court No. 21-00502 |

## **ORDER**

Upon consideration of defendant's motion to dismiss, plaintiffs' response to defendant's motion to dismiss, and all other papers and proceedings herein, it is hereby

**ORDERED** that defendant's motion is denied.

Date: _____

_____

Judge Leo M. Gordon

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., <br> A-TIMBER FLOORING COMPANY LIMITED, <br> MULLICAN FLOORING CO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, | Consol. Court No. 21-00502 |

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM

JEFFREY S. NEELEY
NITHYA NAGARAJAN
STEPHEN W. BROPHY

Husch Blackwell LLP
750 17th Street NW
Suite 900
Washington, D.C. 20006

Attorneys for Plaintiffs

April 1, 2022

i

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ................................................................................... 1

II. LEGAL STANDARDS FOR A MOTION TO DISMISS ....................................................... 2

III. THIS COURT HAS JURISDICTION OVER THIS ACTION ........................................... 2

    A. This Court Has Jurisdiction Under 28 U.S.C. §1581(c) ....................................................... 2

    B. Alternatively, this Court Has Jurisdiction Under 28 U.S.C. §1581(i) ................................. 6

    C. Plaintiffs Have Stated a Claim Upon Which Relief May Be Granted ................................. 7

IV. CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .............................................. 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................ 8, 9

*Cambridge v. United States*,
   558 F.3d 1331 (Fed. Cir. 2009) .................................................................................. 2

*Conley v. Gibson*,
   355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .......................................................... 9

*Fujitsu Gen. Ltd. v. United States*,
   88 F. 3d 1034 (Fed. Cir. 1996) ................................................................................... 3

*Halperin Shipping Co., Inc. v. United States*,
   13 CIT 465 (1989) ...................................................................................................... 2

*Husteel Co. v. United States*,
   375 F. Supp. 3d 1317 ................................................................................................. 8

*Int'l Custom Prod., Inc. v. United States*,
   32 C.I.T. 302 (2008) ................................................................................................... 2

*Sioux Honey Ass'n v. Hartford Fire Ins. Co.*,
   672 F.3d 1041 (Fed. Cir. 2012) .................................................................................. 8

**Statutes**

§1581 ................................................................................................................................ 6

§1581(a) ........................................................................................................................... 6

19 U.S.C. §1516a ............................................................................................................. 3

28 U.S.C. §1581(c) ................................................................................................... 1, 2, 7

28 U.S.C. §1581(i) ....................................................................................................... 1, 6

**Rules**

Fed. R. of Civ. P. 8(a)(2) ............................................................................................. 8, 9

Rule 12(B)(1) ........................................................................................................................... 9

U.S. Court of International Trade Rule 12(b)(6) ................................................................ 7, 8, 9

USCIT R. 8(a)(2) ..................................................................................................................... 8

**Regulations**

19 CFR §351.225(a) ............................................................................................................. 4, 5

*Multilayered Wood Flooring from the People's Republic of China: Amended Final
   Determination of Sales at Less Than Fair Value and Antidumping D*uty *Order*,
   76 Fed. Reg. 76,690 (Dec. 8, 2011) ....................................................................................... 3

*Regulations to Improve Administration and Enforcement of Antidumping and Countervailing
   Duty Laws*,
   86 Fed. Reg. 52300 (September 20, 2021) ............................................................................ 5

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., <br> A-TIMBER FLOORING COMPANY LIMITED, <br> MULLICAN FLOORING CO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, | Consol. Court No. 21-00502 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

**I.     INTRODUCTION AND SUMMARY**

On February 18, 2022, Defendant United States filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim ("Defendant's Motion to Dismiss").  Defendant's motion should be denied by this Court because it is both factually and legally inaccurate.  As set forth below, this Court has jurisdiction to hear this action pursuant to 28 U.S.C. §1581(c), or alternatively, 28 U.S.C. §1581(i), based on the failure of the United States Department of Commerce ("Commerce" or "DOC") to initiate the scope ruling request filed by Plaintiffs.  Moreover, the position of the government that this action must fail because relief will be available at the conclusion of the changed circumstances review is plainly without any factual basis and purely speculative. Commerce has not yet rendered its decision in the changed circumstances review, so neither the attorneys for Plaintiffs nor for the government know the basis upon which Commerce will accept, or deny, Plaintiffs' request for relief in that proceeding.  In short, the government has no basis whatsoever upon which to assure Plaintiffs or

1

this Court that Plaintiffs will receive complete relief in the changed circumstances proceeding. Finally, the *post hoc* rationalizations now being promoted by government counsel are not part of the reasoning (or lack thereof) provided by Commerce in response to Plaintiffs' request for a scope review, and are not appropriate as part of the Government's Motion to Dismiss.

## II.     LEGAL STANDARDS FOR A MOTION TO DISMISS

In considering a Motion to Dismiss a Federal Court is to examine the four corners of the complaint assume that all factual allegations in the complete are true.  In deciding a motion to dismiss "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." <u>Cambridge v. United States</u>, 558 F.3d 1331, 1335 (Fed. Cir. 2009).  "…[T]he standard of review at the motion to dismiss stage is forgiving. 'The question to be decided is not whether the plaintiff will prevail in its claim but whether it is entitled to offer evidence in support of its claim, since federal policy favors disposition on the proof rather than on the pleadings.'" *Int'l Custom Prod., Inc. v. United States*, 32 C.I.T. 302, 315 (2008) *quoting Halperin Shipping Co., Inc. v. United States,* 13 CIT 465, 466 (1989); *accord Hoed v. U.S. Sec'y of Agric.,* 2533 F.Supp.2d 1354, 1355 (2008). Plainly, *post hoc* rationalizations of a Defendant are neither on the record, nor are they addressed in the complaint.

## III.     THIS COURT HAS JURISDICTION OVER THIS ACTION

### A.   <u>This Court Has Jurisdiction Under 28 U.S.C. §1581(c)</u>

The Amended Complaint sets out the factual basis for (c) jurisdiction in detail.  The jurisdictional basis of this action is found in 28 U.S.C. §1581(c), which gives the Court

2

jurisdiction for actions commenced under 19 U.S.C. §1516a. This Court may review a determination by Commerce "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty." When reviewing a scope ruling, the Court will overturn "any determination, finding or conclusion found by Commerce where "unsupported by substantial evidence on the record, or otherwise not in accordance with the law." *See Fujitsu Gen. Ltd. v. United States,* 88 F. 3d 1034, 1038 (Fed. Cir. 1996).

Paragraph 7 of the Amended Complaint of January 24, 2022, states that: "On October 24, 2011, Commerce issued instructions to Customs specifically stating that Customs is to terminate the suspension of liquidation for shipments of multilayered wood flooring entered, or withdrawn from warehouse for consumption, produced and exported by Zhejiang Yuhua Timber Co. Ltd. on or after May 26, 2011, to release any bond or security and to refund any cash deposits collected, effective October 18, 2011. See CBP Message No. 1297310." Paragraph 10 goes on to say: "On or about March 24, 2021, Customs ceased implementing Commerce's instructions in the manner that it had consistently done for ten years and demanded the posting of cash deposits on multilayered wood flooring produced and exported by Plaintiff Yuhua through A-Timber, and imported by Plaintiff Mullican. Customs instead demanded the designation of the entries as Type 3 entries, indicating that such entries are subject to antidumping duties." In the Prayer for Relief Plaintiffs asked that the Court: "Remand with instructions to Commerce to address the substance of Plaintiffs' request for a scope ruling and make a determination based on record evidence as to why the entries at issue are or are not excluded from the antidumping duty order." The request goes directly to the issue of the scope of the Antidumping Order ("the Order"), *Multilayered Wood Flooring from the People's Republic of China: Amended Final Determination of Sales at*

*Less Than Fair Value and Antidumping Duty Order*, 76 Fed. Reg. 76,690 (Dec. 8, 2011) and whether the products being sold in the manner that Mullican purchased them were explicitly excluded from the order, and thus not within the scope of this Order.

Because Defendant United States changed its position regarding whether the scope of the order applied to United States sales made through the same channels as were the case in the original finding that Yuhua was not dumping and thus was excluded from the scope of the dumping order, Plaintiffs believed that a scope ruling request was appropriate. But on August 4, 2021, Commerce refused to initiate the scope ruling request. It stated: "The basis of your scope ruling request concerns Yuhua's sales distribution channel." It further referred to 19 CFR §351.225(a) and concluded that "…the basis of your request does not concern whether 'a particular product is included within the scope' of an order, but rather a sales distribution channel…."

In providing the above quotations Commerce neglected to quote other portions of the same rule. The rule then in effect at Commerce also stated in 19 CFR §351.225(a): "When such issues arise [as to what products are covered by the order] the Department issues 'scope rulings' that clarify the scope of an order or suspended investigation with respect to particular products." The term "particular products" are not defined in the regulation. However, products that are produced by Yuhua and then sold through the same channels as during the original investigation were addressed during the original investigation and such a channel had to be excluded from the dumping order because they were the only sales to the U.S. made by Yuhua during the POI. Thus, Plaintiffs are effectively asking that Commerce clarify the scope of its exclusion of Yuhua.

If there was any doubt regarding the coverage of a scope ruling requests it was clarified in September 2021 when Commerce adopted modified regulations governing scope rulings and

changed circumstances reviews. *Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws,* 86 Fed. Reg. 52300 (September 20, 2021). In the modified regulations Commerce stated, in revised 19 CFR §351.225(a): "A scope ruling that a product is covered by the scope of an order is a determination that the product has always been covered by the scope of that order." While the new regulations were not in effect at the time of this scope ruling request, the concept above, that a scope ruling is designed to address whether a product always has been covered, is not new. Because Plaintiffs believe that their products always have been excluded from the Order because they were found not to have been dumped, this request regarding the finding of exclusion is a scope issue.

The alternative approach, which is a changed circumstances review, did not seem applicable to Plaintiffs because nothing has "changed" since the antidumping order was put in place. Indeed, the entire point of the request is that nothing changed about the Order but rather that the only change was with regard to incorrect enforcement actions by the government, i.e., a <u>misinterpretation of the scope of the exclusion from the order</u>. While Plaintiffs were subsequently forced to file a changed circumstances request to seek relief, the fact remains that the issue being addressed is fundamentally a scope issue.

As the Court is aware, Plaintiffs have asked that the current action be stayed until sch time as Commerce renders a final decision on the changed circumstances review. While Plaintiffs continue to believe that a scope proceeding is a more appropriate means of addressing the problem, Plaintiffs have no interest in a theoretical debate about which approach is more appropriate. Because the changed circumstances review could render this action moot, Plaintiffs continue to believe that this action should be held in abeyance until the conclusion of the changed circumstances review.

## B. Alternatively, this Court Has Jurisdiction Under 28 U.S.C. §1581(i)

Defendant premises its opposition to (i) jurisdiction on the well-established principle that (i) jurisdiction may not be invoked when another subsection under §1581 is or could be available. According to Defendant: "Here, Yuhua may obtain relief through a changed circumstances review." Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim ("Defendant's Motion to Dismiss) at 9. However, Defendant does not and cannot know if this statement made to the Court is factually accurate because Commerce has not yet rendered a decision in the changed circumstances review. Thus, for example, no party nor the Court currently knows whether the changed circumstances review will render relief at all to Plaintiffs, nor whether any such relief would be prospective only, or will also apply to past entries where Plaintiffs believe that CBP misapplied the terms of the dumping order.

Plaintiffs faced the dilemma that they could not file a case under §1581(a) because CBP has taken the position that its actions are simply a ministerial act based on Commerce instructions. Thus, they are highly unlikely to be protestable. Further, and as explained above, Plaintiffs did not file a changed circumstances case initially because there was no "change" in the order or the manner of doing business, and that the issue was the goods at issue had always been outside the scope of the order.

Plaintiffs have asked the Court to stay this proceeding until such time as parties and the Court know whether the changed circumstances review will provide the relief that Plaintiffs are seeking. Defendant United States has refused this request to consent to a stay, and instead has decided to argue that there is another form of relief, when they have no factual basis to make that assertion.

Defendant's states that: "Yuhua's request for a changed circumstances review is identical to the relief sought in the deficient scope ruling request."  Defendant's Motion to Dismiss at 13.  Of course, it is true that the relief that Plaintiffs seek is identical.  But omitted from the Defendant's statement is a more important question – what relief will Commerce grant?  Defendant's counsel does not know and cannot know the answer to that question.  Thus, in the event that this Court agrees that there is no jurisdiction on the current scope appeal under (c), and that Commerce can limit its changed circumstances decision only to prospective actions, Plaintiffs will be left without relief in the absence of (i) jurisdiction.

### C. Plaintiffs Have Stated a Claim Upon Which Relief May Be Granted

Defendant also invokes U.S. Court of International Trade Rule 12(b)(6) and asserts that Plaintiffs have failed to state a claim upon which relief can be granted.  The gravamen of Defendant's is that: "The amended complaint contains conclusory statements that fail to plead a plausible claim against Commerce that would lead to the remedy excluding from the Order entries of multilayered wood flooring from China."  Defendant's Motion to Dismiss at 15.  Defendant's position fails for three reasons: (1) it ironically fails completely to identify what it is referring to as "conclusory statements", (2) It fails to recognize that that Plaintiffs have filed a complaint in accordance with notice pleading, and not a brief under Rule 56.2 of the Rules of this Court, and (3) it fails to understand that this notice pleading is primarily based on §1581(c) jurisdiction which is based on the record developed at the agency and does not require, as the pleading stage, repetition of all of the arguments made below.

Absent any specificity in the assertions of Defendant with regard to why it thinks that the Amended Complaint fails by relying on "conclusory statements," it is difficult to respond to

whatever issue that Defendant is addressing. However, a fair reading of the Amended Complaint shows that Plaintiffs set forth in detail the factual background of its claim in Paragraphs 6-11 of the Amended Complaint. In Paragraph 12 Plaintiff alleged that Defendant rejected the scope ruling request "without any explanation of why it thought that the scope request failed to be a valid scope request. In Paragraph 13 Plaintiff alleged that such failure of an explanation and reasoning by Defendant to rule on the substance of the request "is unsupported by substantial evidence and contrary to law." Taken as a whole, the Complaint plainly sets out circumstances under which Plaintiff believe that a scope ruling was appropriate and alleges that the failure to initiate such an inquiry and the failure to explain how it reached the conclusion that the request at issue was not a valid scope request when it addressed an exclusion from the scope of the order, is unsupported by substantial evidence and contrary to law. That is all that is needed for a complaint to survive a Rule 12(b)(6) motion here.

The Amended Complaint conforms to the requirements of notice pleading. As this Court explain in *Husteel Co. v. United States*, 375 F. Supp. 3d 1317, 1321 (Ct. Int'l Trade 2019, USCIT R. 8(a)(2) requires that a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As explained by <u>Ashcroft v. Iqbal</u>, this rule:

> does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.... A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." ... Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ) (discussing Fed. R. of Civ. P. 8(a)(2) ). "The '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672

8

F.3d 1041, 1062 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). To comply with Rule 8(a)(2), pleadings must also "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In effect, the Defendant's arguments under Rule 12(b)(6) are no different than those under Rule 12(B)(1). Both are premised on the theory that Plaintiffs' request for a scope ruling is not a request that can be addressed under the scope provisions of the Commerce regulations.

## IV. CONCLUSION

For the reasons stated above, this Court should deny the Defendant's Motion to Dismiss.

Respectfully submitted,

/s/Jeffrey S. Neeley
Jeffrey S. Neeley
Nithya Nagarajan
Stephen W. Brophy

Husch Blackwell LLP

April 1, 2022

CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that the brief, Plaintiffs' Response to Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Or, In The Alternative, For Failure To State A Claim, complies with the word-count limitation. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare the brief. According to the word count, the brief contains 2571 words.

/s/Jeffrey S. Neeley<br>
Jeffrey S. Neeley