## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., </br></br>and </br></br>A-TIMBER FLOORING COMPANY LIMITED, </br></br>and </br></br>MULLICAN FLOORING CO., </br></br>     Plaintiffs, </br>v. </br></br>UNITED STATES, </br></br>     Defendant. | Court No. 21-00502 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STAY

Defendant, the United States, respectfully submits this response to plaintiffs' Zhejiang Yuhua Timber Co. Ltd., A-Timber Flooring Company Limited, and Mullican Flooring Co. (collectively, Yuhua) motion to stay, ECF No. 29 (Yuhua Mot.). Yuhua requests that this Court stay this action, which challenges the Department of Commerce's decision not to initiate a scope inquiry on multilayered wood flooring from the People's Republic of China, pending the outcome of Commerce's changed circumstances review brought by the same parties. As we demonstrate below, because this Court does not possess jurisdiction over the amended complaint, it lacks the power to grant Yuhua's motion. Even if the Court determines that it possesses jurisdiction, however, the motion should be denied because the balance of interests do not favor a stay of proceedings.

## I. Because This Court Lacks Jurisdiction Over The Complaint, It Cannot Grant The Relief Yuhua Requests And Must Dismiss The Complaint

Jurisdiction is a threshold question to any action before the Court. The requirement that jurisdiction be established at the outset "spring{s} from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Gingery v. Dep't of Defense*, 392 F. Appx 855, 856 (Fed. Cir. 2010) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 540 (1986); *Corr. v. Metropolitan Washington Airports Authority*, 702 F.3d 1334, 1336 (Fed. Cir. 2012) ("As a threshold matter, we must determine whether this court has jurisdiction to hear the Petitioners' appeal."); *Qingdao Maycarrier Import & Export Co., Ltd. v. U.S.*, 938 F.Supp.2d 1312, 1314 ("Subject matter jurisdiction constitutes a 'threshold matter' in all cases, such that without it, a case must be dismissed without proceeding to the merits.") (internal citations omitted).

As the jurisdictional basis for its amended complaint, Yuhua invokes 19 U.S.C. § 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi), which give the Court jurisdiction over final scope rulings. Am. Compl. ¶¶ 3; 5. As we have established in our motion to dismiss, ECF 30, this Court does not have jurisdiction under 28 U.S.C. § 1581(c), because Commerce's determination not to initiate a scope inquiry is not a reviewable determination under 19 U.S.C. § 1516a. Here, Commerce's determination was not a final scope ruling, but a denial to initiate a scope inquiry. Specifically, Commerce declined to initiate a scope inquiry because Yuhua had not requested that Commerce clarify "whether a particular product is covered by the scope of an antidumping

2

or countervailing duty order," 19 C.F.R. § 351.225, but rather sought confirmation with respect to its sales distribution channel and exclusion from the order. *See* Commerce Scope Ruling Request Denial. (P.R. 4). Accordingly, Commerce issued a letter to Yuhua explaining that because its request did not involve whether a "particular product is included within the scope" of an order, it found no basis on which to initiate a scope inquiry under 19 C.F.R. § 351.225. *Id.* Therefore, because Commerce's determination was not a final scope ruling, but a denial of a request to initiate a scope inquiry and such a decision is not enumerated as a reviewable determination under 19 U.S.C. § 1516a, the Court does not have jurisdiction under 28 U.S.C. § 1581(c).

In addition, as we explained in our motion to dismiss, residual jurisdiction under 28 U.S.C. § 1581(i) is not available. At Yuhua's request, Commerce has initiated a changed circumstances review, in which it seeks the same relief sought in its scope ruling request. *See* Multilayered Wood Flooring From the People's Republic of China: Notice of Initiation of Changed Circumstances Review, 86 Fed. Reg. 68,475, 68,475 (Dep't of Commerce Dec. 2, 2021) (CCR Initiation). Upon the completion of Commerce's changed circumstances review, judicial review will be available to Yuhua under 28 U.S.C. § 1581(c). Therefore, Yuhua "must avail {itself} of that avenue of approach" and the Court may not exercise jurisdiction pursuant to 28 U.S.C. § 1581(i). *See Duferco Steel, Inc.*, 403 F. Supp. 2d at 1253; *see also Trs. in Bankr. of N. Am. Rubber Thread Co.*, 593 F.3d at 1353. Further, Yuhua's present pursuit of an administrative remedy through a changed circumstances review is not an "exercise in futility," "useless" or otherwise manifestly inadequate. *See Hartford Fire Ins. Co.*, 544 F.3d at 1294.

Where (as here) subject matter jurisdiction is lacking, the only proper action is to dismiss the case. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) ("Because Jones's

3

failure to exhaust administrative remedies deprived the district court of subject matter jurisdiction over the claims, 'the only function remaining to the court {wa}s that of announcing the fact and dismissing the cause.'") (quoting *Citizens for a Better Env't*, 523 U.S. at 94). And once a court has concluded that it lacks jurisdiction to entertain the matter, a motion to stay should be denied as moot. *See, e.g., Medina Const., Ltd. v. United States*, 43 Fed. Cl. 537, 541 (1999) (denying motion to stay after concluding that the court lacked jurisdiction). Accordingly, this Court should dismiss this action and deny Yuhua's motion to stay as moot.

II.   **If The Court Concludes That It Possesses Jurisdiction, The Court Should Deny The Motion To Stay Because Yuhua Fails To Demonstrate That A Stay Is Appropriate**

    A.   **Legal Standard For A Motion To Stay**

Whether to grant a stay is a matter within this Court's discretion. *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). While it is a long-standing principle that a plaintiff is the master of its complaint, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tak Fat Trading Co. v. United States*, 24 C.I.T. 1376, 1376-77 (2000) (citation omitted). Guiding its decision whether to grant a stay, the Court must "maintain an even balance," taking into account the interests of the plaintiff, the defendant, non-parties, and the Court. *Georgetown Steel Co., LLC v. United States*, 259 F. Supp. 2d 1344, 1346 (Ct. Int'l Trade 2003) (citations omitted). Thus, the propriety of issuing a stay is "dependent upon the circumstances of the particular case." *Virginian Ry. v. United States*, 272 U.S. 658, 672-73 (1926).

"{T}he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will

work damage to some one else." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). This Court has recognized that, even when a stay will not seriously compromise the defendant's interests, "some harm is inherent in any denial of the right to proceed." *Neenah Foundry Co. v. United States*, 24 C.I.T. 202, 205 (Ct. Int'l Trade 2000) (denying plaintiff's motion for a stay even in the absence of any argument that a stay would compromise the defendant's interests). Indeed, this Court has declined to stay proceedings pending an appeal on the same issue in a different case because the Court could not speculate as to what might happen on appeal. *See Dongguan Sunrise Furniture Co. v. United States*, 904 F. Supp. 2d 1359, 1367 (Ct. Int'l Trade 2013).

      **B.**    **A Stay Is Not Appropriate Because The Outcome Of Commerce's Changed Circumstances Review Would Not Be Dispositive Of This Action**

If the Court concludes that it possesses jurisdiction to entertain the complaint, the Court should still deny Yuhua's motion to stay proceedings pending the outcome of the changed circumstances review. Yuhua contends that a stay is appropriate because a decision by Commerce in the changed circumstances review may moot out its current challenge or lead to a new action that should be consolidated with the current action. Yuhua Mot. at 3. Yuhua's motion fails to account for the distinct records and issues in each proceeding.

Yuhua does not identify a single factual or legal issue that is likely to be in common between this action and any future challenge to the results of Commerce's changed circumstances review. In this action, Yuhua alleges that Commerce improperly rejected its request for a scope ruling and "did so without any explanation of why it thought that this scope request failed to be a valid scope request." Am. Compl. ¶¶ 12. The propriety of Commerce's determination to decline to initiate a scope ruling inquiry, even if reviewable, would not be determinative of whether Commerce's changed circumstances review determination will be

5

supported by substantial evidence and in accordance with law. Although the ultimate relief that Yuhua seeks is the same (to have A-Timber benefit from Zhejiang Yuhua Timber Co. Ltd.'s exclusion from the order), the legal standards governing each case differ such that resolution of a dispute following the changed circumstances review would not result in a substantive resolution of the claim articulated in its amended complaint. *See* 19 C.F.R. § 351.225 (2013)[1] (governing scope rulings), *compare with* 19 U.S.C. § 1675(b) and 19 C.F.R. § 351.216 (governing changed circumstances reviews). Similarly, the records underlying each proceeding are distinct. Indeed, in initiating the changed circumstances review, Commerce indicated it will explore A-Timber's role in Zhejiang Yuhua Timber Co. Ltd.'s sales channel for subject merchandise. *See Multilayered Wood Flooring From the People's Republic of China: Notice of Initiation of Changed Circumstances Review*, 86 Fed. Reg. 68,475, 68,476 (Dep't of Commerce Dec. 2, 2021) ("Commerce has determined that it is necessary to issue a questionnaire to Yuhua et al. regarding A-Timber's role in the sales channel for subject merchandise and provide interested parties with an opportunity to comment."). No similar record exists here.

### C. A Stay Would Not Promote The Just, Speedy, and Inexpensive Resolution Of This Matter

Yuhua has not demonstrated that stay of these proceedings will promote judicial efficiency and conserve the resources of the Court and the parties. Because the relevant legal standards governing each case differ, a final disposition on the issue before the Court would not be dispositive to a potential challenge to a final determination to Commerce's changed

---

[1] Although we cited the 1997 version of this regulation in our motion to dismiss, noting that the 2021 version of the regulations were not applicable to the scope ruling request submitted before they went into effect, *see* Def. Mot. to Dismiss at 8 n.1, we note that an intervening amendment in 2013 changed any reference to "Import administration" to "Enforcement and Compliance" *see* 78 Fed. Reg. 62,417. Accordingly, we refer to the 2013 version of the regulation.

circumstances review or vice versa. Thus, no efficiency, only delay, would be achieved by a stay of this case.

Yuhua's claim that, without a stay "parties may need to largely duplicate their briefings on the merits of the case," *see* Yuhua Mot. at 5, is incorrect. The present case and any future action challenging the results of the changed circumstances review will necessarily involve legal and factual issues unique to the two separate Commerce determinations. Should the Court determine it has jurisdiction over the amended complaint, the issue for the Court to resolve is whether Commerce's decision to not initiate a scope inquiry was supported by substantial evidence and was otherwise in accordance with law. *See* Am. Compl. ¶¶ 15. In contrast, should plaintiffs disagree with the results of Commerce's changed circumstances review and pursue an action under 28 U.S.C. § 1581(c), the merits of Commerce's determination would be before the Court, including potentially whether such determination was supported by substantial evidence and in accordance with law. Accordingly, staying this proceeding would not avoid duplicative briefing or otherwise conserve the resources of the Court and the parties.

Further, Yuhua has not demonstrated that there is no potential harm to the defendant by a stay of this proceeding. *See* Yuhua Mot. at 5. As this Court has stated, "some harm is inherent in any denial of the right to proceed." *Neenah Foundry*, 24 C.I.T. at 205. Here, Yuhua's requested stay places Commerce's determination not to initiate a scope ruling in limbo pending the possibility that Yuhua achieves its ends by other means. Thus, because the requested stay is against Commerce's interests in timely resolution of Yuhua's litigation, Yuhua's claim is incorrect that there is no potential harm to the defendant.

In addition, at this time, the outcome of the changed circumstances review proceeding is unknown. If the determination is affirmative, so as to satisfy Yuhua and obviate the need for

further proceedings, granting a stay may merely cause delay, leaving Commerce's scope ruling denial subject to an outstanding court challenge without even the imagined advantage of a later combined proceeding. Courts have declined to stay one proceeding pending the outcome of another due to similar uncertainties. *See Dongguan*, 904 F. Supp. 2d at 1367 (citing *Gerald Metals*, 27 F. Supp. 2d at 1353-54) (declining to stay litigation pending appeal on same issue in different case); *Cherokee Nation*, 124 F.3d at 1416-18 (vacating decision to stay litigation pending the outcome of other proceedings). Moreover, this Court has found that even when a defendant's interests will not be seriously compromised by a stay, the requesting party must still "show how a stay at the current time would promote judicial economy and efficiency rather than delay th{e} case." *Giorgio Foods*, 2013 WL 363312, at *2. Yuhua has not done so.

In sum, Yuhua's arguments do not demonstrate that the balance of interests favor a stay of proceedings. Consequently, its motion should be denied.

## CONCLUSION

For these reasons and those in our motion to dismiss, we respectfully request that the Court dismiss the complaint for lack of jurisdiction and deny, as moot, Yuhua's motion to stay proceedings.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

s/ Sonia Orfield
SONIA ORFIELD
Trial Attorney

| | |
|---|---|
| OF COUNSEL: | Commercial Litigation Branch |
| | Civil Division |
| RACHEL BOGDAN | United States Department of Justice |
| Attorney | P.O. Box 480 |
| Office of the Chief Counsel | Ben Franklin Station |
|    for Trade Enforcement and Compliance | Washington, D.C. 20044 |
| United States Department of Commerce | Tel: (202) 353-0534 |
| | |
| April 1, 2022 | Attorneys for Defendant |

CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that the brief, Defendant's Response To Plaintiffs' Motion To Stay, complies with the word-count limitation. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare the brief. According to the word count, the brief contains 2567 words.

/s/ Sonia Orfield
April 1, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., <br><br> and <br><br> A-TIMBER FLOORING COMPANY LIMITED, <br><br> and <br><br> MULLICAN FLOORING CO., <br><br>        Plaintiffs, <br> v. <br><br> UNITED STATES, <br><br>        Defendant. | Court No. 21-00502 |

**ORDER**

Upon consideration of the motion to stay the proceedings filed by Plaintiffs Zhejiang Yuhua Timber Co. Ltd., A-Timber Flooring Company Limited, and Mullican Flooring Co., and all other pertinent papers filed and proceedings held in this action, it is hereby

ORDERED that plaintiffs' motion is denied.

Dated: _____          _____
New York, New York                                                      JUDGE