**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:      THE HONORABLE LEO M. GORDON, SENIOR JUDGE

|  |  |
|---|---|
| ZHEJIANG YUHUA TIMBER CO. LTD., | ) |
| and | ) |
| A-TIMBER FLOORING COMPANY LIMITED, | ) |
| and | ) |
| MULLICAN FLOORING CO., | )   Court No. 21-00502 |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

Pursuant to United States Court of International Trade Rule 12(b), defendant, the United States, respectfully submits this reply to the response of plaintiffs Zhejiang Yuhua Timber Co. Ltd., A-Timber Flooring Company Limited, and Mullican Flooring Co. (collectively, Yuhua) to defendant's motion to dismiss. *See* ECF No. 33 (Resp.). In our motion to dismiss, ECF No. 30 (Mot.), we demonstrated that this Court lacks jurisdiction over the amended complaint. The statute Yuhua alleges provides jurisdiction in this case, 28 U.S.C § 1581, provides no jurisdiction for this Court to hear a challenge of an agency's decision not to initiate a scope inquiry. Furthermore, the residual jurisdiction provision of 28 U.S.C § 1581, subsection (i), also fails to provide Yuhua with jurisdiction because Yuhua may still receive the relief it seeks through a changed circumstances review, which it is currently pursuing. We further demonstrated that Yuhua's conclusory pleadings have not set forth facts sufficient to give rise to an actionable

claim.  In response, Yuhua fails to rebut our showing that this Court lacks jurisdiction over this action and that Yuhua has failed to state a claim upon which relief may be granted.  Accordingly, this Court should dismiss Yuhua's amended complaint.

**I.**     **The Court Does Not Possess Jurisdiction To Entertain Yuhua's Amended Complaint**

**A.**     **28 U.S.C. § 1581(c) Does Not Provide This Court With Jurisdiction**

Yuhua fails to demonstrate that the Court has jurisdiction over the action under 28 U.S.C § 1581(c).  Yuhua asserts that the Court has jurisdiction under section 1581(c) because the Court may review a determination by the Department of Commerce "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping countervailing duty."  Resp. at 3; *see* 19 U.S.C. § 1516a(a)(2)(B)(vi). Yuhua argues that its request goes directly to the issue of the scope of the antidumping duty order because its requested relief seeks to "clarify the scope of an order or suspended investigation with respect to particular products."  Resp. at 4 (citing 19 C.F.R. § 351.225(a)).

However, Yuhua's contention that Commerce was required to conduct a scope inquiry does not alter the fact that Commerce's determination was not a scope ruling, *i.e.*, a determination "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order."  19 U.S.C. § 1516a(a)(2)(B)(vi); *see also* 19 C.F.R. § 351.225(a).  Rather, Commerce determined not to initiate a scope inquiry.  Commerce determined that it could not act on Yuhua's request via a scope ruling because Yuhua sought clarification regarding sales distribution channels; Yuhua did not a request a decision regarding whether the multilayered wood flooring Yuhua produces and exports (*i.e.*, the "particular product") is encompassed by the order.  *See* Commerce's Letter Declining to Issue a Scope Ruling.  P.R. 4.  In other words,

Commerce affirmatively decided *not* to conduct a scope inquiry that would have resulted in a

scope ruling.  Because a decision not to initiate a scope inquiry is not a reviewable determination

under 19 U.S.C. § 1516a, this Court does not have jurisdiction under 28 U.S.C. § 1581(c).

Yuhua has failed to demonstrate otherwise.

As support for its argument that Commerce's determination was a scope ruling falling

within section 1581(c) jurisdiction, Yuhua cites a later version of 19 C.F.R. § 351.225(a).  As

Yuhua concedes, this provision was not in effect at the time of Commerce's decision not to

undertake a scope inquiry and therefore does not bear on the jurisdictional inquiry.  *See* Resp. at

5; *see Regulations To Improve Administration and Enforcement of Antidumping and

Countervailing Duty Laws*, 86 Fed. Reg. 52,300 (Sept. 20, 2021) (noting amendments to scope

regulations are effective for requests filed on or after November 4, 2021).  Second, the revised

regulation does not support Yuhua's claim that Commerce's determination was a scope ruling.

The current version of the regulation observes, unremarkably, that "a scope ruling that a product

is covered by the scope of an order is a determination that the product has always been covered

by the scope of that order."  19 C.F.R. § 351.225 (2021).[1]  The scope regulation was not

expanded to cover inquiries concerning "sales channels;" rather, the focus of a scope inquiry

remains whether a "product" is within the scope of an order.  *See* 19 C.F.R. § 351.225(a).

Yuhua also asserts that Commerce "changed its position regarding whether the scope of

the order applied to United States sales made through {certain} channels."  *See* Resp. at 4.  But

there was no change in Commerce's position regarding the scope of the order because

Commerce made no scope determination whatsoever.  Rather, Commerce determined that a

---

[1]  In the final rule, Commerce explained that this statement was consistent with prior
Federal Circuit authority.  *See* 86 Fed. Reg. at 52,313.

scope inquiry could not be used to resolve Yuhua's concern regarding sales channels.  *See* Mot.

at 3 (citing Commerce's Letter Declining to Issue a Scope Ruling, P.R. 4).  Because Commerce's

determination not to initiate a scope inquiry is not a determination identified in 19 U.S.C. §

1516a(a)(2)(B), this Court may not exercise jurisdiction pursuant to 28 U.S.C. § 1581(c).

      **B.**      **Residual Jurisdiction Under 28 U.S.C. § 1581(i) Is Not Available Because Review Under 28 U.S.C. 1581(c) Will Be Available At The Conclusion Of The Changed Circumstances Review**

As we previously explained, Mot. at 11, this Court may also not exercise jurisdiction

pursuant to 28 U.S.C. § 1581(i).  This is so because, at the conclusion of the pending changed

circumstances review, judicial review will be available pursuant to 28 U.S.C. § 1581(c).  And "if

a plaintiff can access the Court of International Trade through . . . any other means short of

invoking section 1581(i) – it must avail itself of that avenue of approach."  *Duferco Steel, Inc. v.*

*United States*, 403 F. Supp. 2d 1281, 1285 (Ct. Int'l Trade 2005).  Yuhua's response fails to

demonstrate that this Court may exercise jurisdiction under 28 U.S.C. § 1581(i).

Yuhua asserts that, because it is uncertain what the ultimate relief will be, it is uncertain

whether there will be jurisdiction to hear its claim under 28 U.S.C. § 1581(c) following the

changed circumstances review.  Resp. at 7.  But the section 1581(i) inquiry is focused upon

whether judicial review will be available at the end of any alternate administrative remedy.

Whether Commerce grants or denies Yuhua its requested relief does not alter the availability of

judicial review at the conclusion of the changed circumstances review.  And because this avenue

offers the possibility of providing Yuhua with its requested remedy, jurisdiction under 28 U.S.C

§ 1581(i) is foreclosed.

Section 1581(i) "may not be invoked when jurisdiction under another subsection of §

1581 is or *could have been available*, unless the remedy provided under that other subsection

would be manifestly inadequate." *Erwin Hymer Grp. N. Am. v. United States*, 930 F.3d 1370, 1374-75 (Fed. Cir. 2019) (emphasis in original); *see also Sunpreme Inc. v. United States*, 892 F.3d 1186, 1192 (Fed. Cir. 2018) (holding that the Court of International Trade lacked jurisdiction under 28 U.S.C. § 1581(i) to entertain direct challenges to a Customs decision "because there existed a remedy under another subsection {of § 1581} that was not manifestly inadequate" in the form of a Commerce scope inquiry).

This standard does not require that the desired remedy be *obtained* in the administrative proceeding; it merely requires that there remains available to the party the opportunity to obtain administrative relief to address the remedy it seeks. *See id.* And, as we explained in our motion to dismiss, Yuhua is pursuing such administrative relief through a changed circumstances review. Mot. at 9-10. Yuhua concedes that the relief sought in its request for a changed circumstances review is "identical" to the relief sought in its request for a scope ruling. *See* Resp. at 7. Therefore, until and unless Yuhua's ability to pursue a changed circumstances review, or any other "avenue" under 28 U.S.C. § 1581, is foreclosed, Yuhua cannot resort to 28 U.S.C. § 1581(i) as a basis for jurisdiction. *See Duferco Steel*, 403 F. Supp. 2d at 1285; Mot. at 9 (stating that judicial review of the final results of a changed circumstances review may be obtained pursuant to 28 U.S.C. § 1581(c)) .

Contrary to Yuhua's characterization of our argument, we never asserted in our motion to dismiss that Yuhua "will" obtain relief through the changed circumstances review. *See* Resp. at 6 ("Defendant does not and cannot know if this statement made to the Court is factually accurate because Commerce has not yet rendered a decision in the changed circumstances review."). Rather, we stated that "Yuhua *may* obtain relief through a changed circumstances review." Mot. at 9 (emphasis added). Because a changed circumstances review could address the concerns for

which Yuhua seeks clarification from Commerce, may provide Yuhua the remedy it seeks, and is *available* to Yuhua, there is a "factual basis" for our assertion that there is another form of relief available to Yuhua. *See* Resp. at 6. Indeed, Yuhua has already taken advantage of the opportunity to pursue this alternative administrative relief by requesting that Commerce conduct a changed circumstances review.

Yuhua does not challenge our assertion that the remedy available upon completion of the changed circumstances review is not manifestly inadequate. *See* Mot. at 12-14. Indeed, Yuhua even concedes that the relief sought in its request for a changed circumstances review is "identical" to the relief sought in its request for a scope ruling. *See* Resp. at 7.

## II.    The Amended Complaint Does Not State A Claim Upon Which Relief May Be Granted

Additionally, the amended complaint must be dismissed because it fails to state a claim upon which relief may be granted. Commerce determined that there was no lawful basis upon which to initiate a scope inquiry because Yuhua's request does not concern whether a particular product is included within the scope of the order, but rather a sales distribution channel. Mot. at 15-16. Because the facts Yuhua alleges, taken as true, do not entitle it to a scope inquiry resulting in a scope ruling, Yuhua fails to state a claim. *See United Pacific Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate "when the facts asserted by the plaintiff do not entitle him to a legal remedy."). Therefore, regardless of how detailed the allegations in Yuhua's amended complaint are, Yuhua's complaint must be dismissed because the remedy of a scope ruling is not available to it as a matter of law.

Further, as we explained in our motion, Yuhua's amended complaint is also deficient because its allegations are conclusory and not sufficiently detailed. Contrary to Yuhua's

assertion that we have not identified any conclusory statements, we cited paragraphs 12 and 13

of the amended complaint where Yuhua alleges that Commerce failed to initiate a scope ruling

"without any explanation of why it thought that this scope request failed to be a valid scope

request." Mot. at 15. Yuhua's allegations simply amount to a conclusory statement that

Commerce made an erroneous decision. Yuhua's bald conclusion that Commerce's decision was

in error fails to identify any specific error or wrongful agency action that would enable "the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See*

Mot. at 16 (quoting *Franklin v. Curry,* 738 F.3d 1246, 1251 (11th Cir. 2013)). It is appropriate,

therefore, for this Court to dismiss the amended complaint. *See, e.g., Husteel Co. v. United*

*States*, 375 F. Supp. 3d 1317, 1320 (Ct. Int'l Trade 2019) (granting partial motion to dismiss

where complaint alleged "other errors of law and fact that will become more apparent after a full

review of the administrative record").

Yuhua is also incorrect that its pleadings need only comply with "notice pleading." *See*

Resp. at 7. "Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 . . . and culminating . . . with the Supreme Court's decision in *Ashcroft v. Iqbal* . . .

pleading standards {in Federal courts} have seemingly shifted from simple notice pleading to a

more heightened form of pleading, requiring a plaintiff to plead more than the possibility of

relief to survive a motion to dismiss." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d

Cir. 2009). A complaint requires "more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The "{f}actual allegations must be enough to raise a right to relief above the speculative

level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact) . . . ." *Id.*[2]   Although Yuhua need not submit what amounts to a Rule 56.2 brief at the

pleading stage, it must submit *allegations* that "raise a right to relief above the speculative level,"

which it has not done.  *See id.*  Accordingly, the amended complaint fails to state a claim upon

which relief may be granted.

## CONCLUSION

For these reasons and those outlined in our motion to dismiss, we respectfully request

that the Court dismiss the amended complaint.

<br>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

<br>

PATRICIA M. MCCARTHY
Director

<br>

s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

<br>

s/ Brendan Jordan
BRENDAN JORDAN
Trial Attorney

OF COUNSEL:

Commercial Litigation Branch
Civil Division

RACHEL BOGDAN
Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
United States Department of Commerce

United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342

May 6, 2022

Attorneys for Defendant

---

[2] Although this Court is not governed by the Federal Rules of Civil Procedure (FRCP), the USCIT rules regarding pleading and motions to dismiss for failure to state a claim are essentially identical to their analogs in the FRCP.  Accordingly, this Court has applied and adopted the pleading standard as articulated in *Bell Atl. Corp. v. Twombly* and other federal court decisions analyzing the FRCP.  *See e.g., S. Shrimp All. v. United States*, 617 F. Supp. 2d 1334, 1341-42 (2009) (applying pleading standard from *Bell Atl. Corp. v. Twombly*); *Totes-Isotoner Corp. v. United States*, 569 F. Supp. 2d 1315, 1325-26 (2008) (applying pleading standard from *Bell Atl. Corp. v. Twombly*).